## SARAH WOLFE

*v.*

## THOMAS J. LARISON.

*Filed at Springfield November 10, 1896.*

DOWER—*effect of widow's consent to decree reducing dower income.* A widow who consents to a decree by which a fund equivalent to the value of one-third of the estate is set aside for her use as dowress, and for many years acquiesces in an order reducing the rate of interest accruing on such fund, is not entitled to an order making up the deficiency, although the original order provided that a certain sum be paid to her annually.

*Larison* v. *Wolff*, 60 Ill. App. 47, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

BEACH & HODNETT, for appellant:

The widow here has a judgment for $250.90 per year. This is hers absolutely, so long as the judgment remains unreversed. Courts are powerless to change or modify that judgment. *Donoghue* v. *Chicago,* 57 Ill. 235; *Carter* v. *Stookey,* 89 id. 279; *Walker* v. *Walker,* 5 Ill. App. 289.

The dower of the widow was ascertained and assessed by the verdict of a jury, and the court could not alter, change or modify it. *Carter* v. *Stookey*, 89 Ill. 279; *Walker* v. *Walker*, 5 Ill. App. 289; *Donoghue* v. *Chicago*, 57 Ill. 235.

The decree that the said Sarah Frakes have and recover, each and every year during her natural life, the sum of $250.90, is of binding obligation until reversed or set aside, and cannot be attacked. *Buckmaster* v. *Ryder*, 12 Ill. 207; *Young* v. *Lorain*, 11 id. 624; *Jones* v. *Smith*, 13 id. 306; *Lane* v. *Bommelman*, 17 id. 95.

A widow cannot be deprived of her dower except by her own act. *Sloan* v. *Williams*, 138 Ill. 43; *Francisco* v. *Hendricks*, 28 id. 64.

Oscar Allen, for appellee.

Per Curiam: We have carefully examined and considered the record and the briefs and arguments of counsel in this case, and have arrived at the same conclusion as that reached by the Appellate Court, and are satisfied with the reasons given therefor in the opinion of Mr. Presiding Justice Wall. That opinion is therefore here adopted. It is as follows:

"This is an appeal from an order of the circuit court, made upon the application of the appellee in reference to her claim as dowress. The facts necessary to be stated are, that in 1866 one Gessner filled a bill for partition and assignment of dower, to which bill the appellee, then the widow of Dawson Frakes, who was a tenant in common of part of the real estate, was a defendant. Pursuant to a decree of partition the premises in which the widow had dower were sold by the master for the sum of $7527. The appellant was a purchaser at the sale to the amount of $5745. The sale having been made free of dower, the yearly value of that interest was assessed by a jury at $250.90, which was precisely ten per cent per annum of one-third of the purchase money of the premises in which she had dower, and from the verdict of the jury it ap-

pears that such was the basis on which the assessment
was made.    Thereupon a decree was entered as follows:
'It is ordered that said Sarah Frakes have and receive
from the estate of her said husband, sold as aforesaid,
each and every year during her natural life, the sum of
$250.90, the same being the yearly value of her dower in
said premises as assessed by the jury aforesaid.    It is
further ordered and decreed by the court that the master
in chancery place a sufficient amount of the proceeds of
said sale (belonging to the estate of said Dawson Frakes)
at interest, at ten per cent per annum, as fast as the same
shall be collected, as shall be sufficient to realize said
sum of $250.90 annually, and that he pay the same to
said Sarah Frakes as fast as collected, taking receipt for
the same;' that he loan it on security, etc., and distrib-
ute, etc.    In pursuance thereof the master loaned the sum
of $2509 at the rate of ten per cent per annum.    The
court approved the reports of the master showing the .
loan of this money and ordered the remainder of the pur-
chase money to be distributed.    Of the amount thus set
aside for the benefit of the dowress the appellant was
assessed, and under such assessment contributed the sum
of $639.33, and to that extent he is interested in the pres-
ervation of the principal.    It appears that the master
collected the interest regularly, and paid it over to the
widow until 1879,—a period of some ten years,—when he
reported to the court that the money could no longer be
loaned at over eight per cent interest, and the court then
made an order that he loan at that rate, which was done,
and the interest was collected and paid to the widow
accordingly from November, 1879, to November, 1892,—a
period of thirteen years.    At the May term, 1894, a peti-
tion was filed in her behalf, setting up, in substance, the
foregoing facts as to the payments made to her, and that
since November, 1892, nothing had been paid to her; that
she had assigned all her claim in that behalf to her attor-
neys as collateral security, etc., and asking that she be

allowed out of the fund in the master's hands a sum suffi-
cient to make up the full $250.90 per annum during the
entire period from November, 1879, when the rate of in-
terest was reduced to eight per cent.   On the hearing of
the application the files and record of the cause were pre-
sented, and oral proof showing the payments as alleged
in the petition, and the court made an order requiring the
master to pay to Beach & Hodnett, the attorneys of peti-
tioner, the sum of $1214.24 out of the first money coming
to his hands.   This sum includes $75 for attorneys' fees
in an action on the bond of a former master in chancery,
who had defaulted.   The appeal questions the propriety
of this order.

"It is insisted on behalf of the appellee, that the
original order was unconditional that the sum of $250.90
should be paid to the widow annually.   This was the as-
sessed value of her dower, as found by the jury upon the
basis of ten per cent per annum upon one-third of the
purchase money, as already noticed ; but coupled with
and forming a part of it was the further order of the court
by which the payment of the sum so assessed was to be
obtained from a particular fund, which was to be loaned
by the master at ten per cent and the interest to be paid
over to her, and the master having reported the loan
of $2509 at ten per cent, the court, approving his action,
ordered a distribution of the balance of the moneys de-
rived from the sale, including the sum contributed by
appellant.   Now, when all the orders of the court are
considered, they amount to the setting aside of $2509
(which was one-third of the value of the estate in which
the widow had dower) for the use of the widow, and this
was, in substance, equivalent to the assignment of that
much of the estate for her use.   Had she desired, she
might, no doubt, have obtained an order for the annual
payment of the $250.90 without conditions of any sort,
but she acquiesced in the special provision by which her
claim was to be enforced in an especial and particular

way,—*i. e.*, by setting aside enough money to produce, at ten per cent per annum, the sum required,—and by subsequent action, which was approved, the sum of $2509 was so invested and set apart for her use.   In effect this was to relieve the estate from the payment of the annuity and to rely wholly upon the sum so set aside for that purpose.   The widow accepted these provisions for her benefit, and presumably was content therewith.   In view of the then situation the arrangement was doubtless very favorable to her.   Had the rate of interest in that vicinity been maintained she would have made no complaint, and after the receipt of the ten per cent for ten years or more she acquiesced in an order made by the court authorizing the master to loan at eight.   It is to be presumed that she was content with this change, for she made no objection and accepted the sum arising from the reduced rate for some thirteen years.   Having thus consented to a decree by which a certain fund equivalent to the value of one-third of the estate was set aside for her use as dowress, she must treat that fund as she would treat so much of the real estate itself had it been set apart for her use.   She could not have wasted or sold such part of the real estate, and could only have enjoyed whatever it might produce, either by her personal occupation of it or by way of rents.   So as to this fund.   If altered conditions have compelled a reduction of interest it is her misfortune, but she cannot encroach upon the principal.   It is not competent by such an order as here made, after such lapse of time, to modify the original decree, nor is it equitable to do so.

"In our opinion the decree appealed from is erroneous. It will therefore be reversed and the cause remanded."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*